UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARUEA NORTH,<br>CDCR #BJ-7624,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SGT. SALAZAR, ADA Correctional Sergeant; S. STEADMAN, Associate Warden; JAMES HILL, Warden,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 24-CV-2041 JLS (VET)<br><br>**ORDER GRANTING REQUEST FOR VOLUNTARY DISMISSAL PURSUANT TO FED. R. CIV. P. 41(a)**<br><br>(ECF No. 6) |

　　　Before the Court is a request filed by Plaintiff Demaruea North, a prisoner at Richard J. Donovan Correctional Facility, who is proceeding without counsel in this case pursuant to 42 U.S.C. § 1983. *See* ECF No. 1 ("Compl."). On April 16, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), but dismissed his Complaint *sua sponte* because it failed to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See* ECF No. 5. The Court provided Plaintiff notice of his pleading deficiencies and granted him 45 days leave in which to amend. *Id.* at 6–15. The Court further cautioned that if Plaintiff failed to submit

an amended complaint within the time provided, it would enter a final order dismissing this civil action based both on his failure to state a claim and his failure to prosecute. *See id.* at 16 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

In response, Plaintiff filed a "Request for Voluntary Withdrawal" seeking to dismiss the case. *See* ECF No. 6. Plaintiff claims his mental health status and limited access to legal resources make it difficult to proceed, and the Court's screening Order made clear to him that his claims are better raised under a negligence cause of action in state court. *See id.* at 2.

## REQUEST FOR VOLUNTARY DISMISSAL

The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. . . . Such a dismissal leaves the parties as though no action had been brought." *Am. Soccer Co., Inc. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999) (citing *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) (citations and footnote omitted)). Thus, because Plaintiff has notified the Court he does not wish to prosecute his case at this time, no party has yet to be served with any valid pleading, and no answer or motion for summary judgment has yet to be filed, voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) is appropriate. *See Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534–35 (9th Cir. 1987) ("As the rule states, no action by the court is required for dismissal by notice under Rule 41(a)(1)(i). A voluntary dismissal by a plaintiff under this subsection automatically terminates the action upon the filing of the dismissal with the clerk."). "[T]he fact that [Plaintiff's] filing was named as a 'motion' does not preclude its operative effect as a notice of dismissal." *Ramirez-Ramos v. Ryan*, No. CV-18-8086-PCT-NVW (JFM), 2019 WL 885624, at *6 (D. Ariz. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 859690 (D. Ariz. Feb. 22, 2019) ("Although the document filed by [plaintiff] was denominated a Motion for Voluntary Dismissal rather than a notice of dismissal as

specified in Rule 41(a)(1), the Court finds this distinction to be without legal significance since the effect desired by [plaintiff] in filing the document with the Court was clearly to have his claims dismissed without prejudice."); *see also* 9 Fed. Prac. & Proc. Civ. § 2363, Voluntary Dismissal—Dismissal as a Matter of Right (3d ed.) ("It is merely a notice and not a motion, although a notice in the form of a motion is sufficient.").

## CONCLUSION

For the reasons explained, Plaintiff's Request for Voluntary Withdrawal (ECF No. 6), liberally construed as a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a), is **GRANTED**. The Clerk is **DIRECTED** to enter a final judgment of dismissal and to close the case.

**IT IS SO ORDERED**.

Dated: May 16, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge